UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JESUS VENTURA GONZALEZ-OLVERA, | )<br>)<br>) |
| Petitioner, | )<br>) Case No. 17-cv-1587 |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | ) |

# ORDER & OPINION

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). For the reasons stated below, all of Petitioner's claims are DENIED except for his claim that his trial counsel provided ineffective assistance for failing to file a requested notice of appeal. The Court will hold an evidentiary hearing on Petitioner's remaining ineffective assistance of counsel claim.

## BACKGROUND

Petitioner is currently incarcerated at McRae Correctional Institution in McRae, Georgia. On October 11, 2016, Petitioner, an alien, pleaded guilty before Magistrate Judge Jonathan E. Hawley to illegal reentry into the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b). *United States v. Gonzalez-Olvera*, 16-cr-10041 (C.D. Ill. 2017) (Doc. 9). On January 18, 2017, this Court adopted Judge Hawley's Report and Recommendation and accepted Petitioner's guilty plea. *Id.* (Doc. 14). On January 25, 2017, Petitioner was sentenced to 37 months

imprisonment and three years of supervised release. *Id.* (Doc. 17). Petitioner did not appeal his conviction or sentence, but instead brought this § 2255 collateral attack on December 29, 2017.

Petitioner argues that his trial counsel provided ineffective assistance by failing to file a notice of appeal, and for advising Petitioner that he would be able to stay in the United States when he finished serving his sentence. (Doc. 1 at 4, 6). He also contends that the district court denied him "due process to a final hearing and plea, and failed to consider" him "for supervise[d] release with his family". *Id.* He further alleges that his Fourteenth Amendment rights were violated by the Board of Immigration. *Id.* Lastly, Gonzalez-Olvera complains that his prison "legal assistant" has been retaliated against (though Petitioner does not say by *who*) by denying him access to the law library and making him pay for forms that "others get for free." *Id.* at 9. Petitioner requests the Court to order the Attorney General to consider him for asylum pursuant to 8 U.S.C. § 1253, allow supervised release when Petitioner's federal sentence expires, and grant him a bond hearing.

On March 12, 2018, the Government filed a motion for extension of time to file a response and for an order directing Petitioner's trial counsel, Robert Alvarado, to submit an affidavit in response to Petitioner's Ineffective Assistance of Counsel claims. (Doc. 6). The Court granted the motion. On April 10, 2018, the Government filed a response and an affidavit from attorney Alvarado addressing Petitioner's ineffective assistance of counsel claims. This matter is now ripe for decision.

## LEGAL STANDARDS

Section 2255 of Title 28 of the United States Code provides that a sentence

may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 relief is limited to correcting errors of constitutional or jurisdictional magnitude or errors constituting fundamental defects that result in complete miscarriages of justice. *E.g., Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994), *overruled on other grounds by United States v. Ceballos*, 26 F.3d 717 (7th Cir. 1994).

"A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (citing *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995)). Claims other than ineffective assistance of counsel cannot be raised for the first time in a § 2255 motion if they could have been raised on direct appeal. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). "A federal prisoner cannot bring defaulted claims on collateral attack unless he shows both cause and prejudice for the default." *Id.* (citing *Hale v. United States*, 710 F.3d 711, 713 (7th Cir. 2013); *Gant v. United States*, 627 F.3d 677, 683 (7th Cir. 2010)). "Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is 'actually innocent' of the crimes of which he was convicted." *Id.* (citing *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir.2008)).

## DISCUSSION

The Court initially observes that Gonzalez-Olvera failed to file an appeal in this case, even though he was advised of his right to do so at sentencing on January 25, 2017. *See* January 25, 2017, Minute Entry. Gonzalez-Olvera did not waive his right to file an appeal by pleading guilty. Claims other than ineffective assistance of counsel cannot be raised for the first time in a § 2255 motion if they could have been raised on direct appeal. *McCoy*, 815 F.3d at 295 (7th Cir. 2016). Petitioner's due process, retaliation, and Board of Immigration claims could have been raised on direct appeal. As such, those claims are procedurally defaulted and cannot be raised for the first time now. However, because Petitioner claims that his attorney failed to file a notice of appeal despite being requested to do so, the Court will address these claims. As will be described in more detail below, these claims are meritless and/or not cognizable in a § 2255 proceeding.

Furthermore, Petitioner has properly brought ineffective assistance of counsel claims in this § 2255 Motion. As will be discussed below, one of Petitioner's claims entitles him to an evidentiary hearing while the remainder of his claims are without merit under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

### I. CLAIMS OTHER THAN INEFFECTIVE ASSISTANCE OF COUNSEL

Gonzalez-Olvera argues that the district court denied him "due process to a final hearing and plea, and failed to consider" him "for supervise[d] release with his family". He further alleges that his Fourteenth Amendment rights were violated by the Board of Immigration, and that his prison "legal assistant" has been retaliated

4

against by denying him access to the law library and making him pay for forms that "others get for free." Petitioner requests the Court to order the Attorney General to consider him for asylum pursuant to 8 U.S.C. § 1253, allow supervised release when Petitioner's federal sentence expires, and grant him a bond hearing.

Relief under this § 2255 "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013). Gonzalez-Olvera does not explain how the Board of Immigration has violated his Fourteenth Amendment rights, or how the Board "refuses" to help.

In any event, to the extent Gonzalez-Olvera is attempting to challenge a deportation decision made by the Board of Immigration ("BOI"), that claim is not cognizable in a § 2255 petition. This Court does not have jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien". 8 U.S.C. § 1252(g); *Chowdhury v. Ashcroft*, 241 F.3d 848, 850 (7th Cir. 2001) (holding that § 1252 prohibits consideration under habeas corpus of claims that arose from actions of the Attorney General and BOI). A petition for asylum is filed with the United States Citizenship and Immigration Services, and the petition thereafter *may* be considered by an Immigration Judge, not a federal district court judge. Where the Board of Immigration Appeals affirms an Immigration Judge's opinion denying asylum, only then, under limited circumstances, may a federal Circuit Court of Appeals be petitioned for review of that decision. "A criminal trial for

the felony of illegal reentry after deportation . . . is not the proper forum to argue a case for political asylum." *United States v. Polanco-Gomez*, 841 F.2d 235, 238 (8th Cir. 1988). Put simply, what may have happened before the Board of Immigration has no bearing on the constitutionality of Gonzalez-Olvera's underlying conviction and sentence for illegal re-entry. Petitioner's claims related to his Board of Immigration proceedings are not cognizable in a § 2255 Motion. *See United States v. Iribe-Beltran*, No. 05-36-S-BLW, 2009 WL 1891555, at *8 (D. Idaho July 1, 2009) (§2255 motion inappropriate vehicle to request asylum).

Petitioner's retaliation claim likewise has no bearing on the validity of his underlying conviction or sentence. The retaliation claim relates to conduct entirely separate and distinct from his underlying conviction. If Petitioner wishes to make a First Amendment claim based on denial of access to the law library since his conviction, the proper avenue to do so would be in a lawsuit filed under 42 U.S.C. § 1983.

Petitioner further contends that the district court denied him due process to a final hearing on his plea, and failed to consider him for supervised release with his family. Rule 11 of the Federal Rules of Criminal Procedure requires a trial court to "address the defendant personally in open court" before accepting his guilty plea. FED. R. CRIM. P. 11(b). During this colloquy, the court must convey specific information about his rights and the consequences of his plea, and it must satisfy itself that he understands those rights. FED. R. CRIM. P. 11(b)(1). The Court also must ensure that the plea is voluntary, FED. R. CRIM. P. 11(b)(2), and that it is supported by a factual basis, FED. R. CRIM. P. 11(b)(3).

6

Magistrate Judge Hawley addressed Gonzalez-Olvera in open court on October 11, 2016, before accepting his guilty plea. Judge Hawley then filed a Report and Recommendation Concerning Plea of Guilty, which stated, in part:

> After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowing and voluntary as to Count 1, and that the offense charged is supported by an independent factual basis containing each of the essential element(s) of such offense. I therefore recommend that the plea of guilty be accepted, that a pre-sentence investigation and report be prepared, and the Defendant be adjudged guilty and have sentence imposed accordingly.

*Id.* (Doc. 9). Gonzalez-Olvera did not file any objections to the Report and Recommendation. On January 19, 2017, the district court accepted Defendant's plea of guilty, advised him of his appeal rights, and sentenced him to 37 months incarceration. *Id.* (Doc. 14).

Contrary to his assertion, Gonzalez-Olvera was not denied a hearing on his guilty plea. It was permissible for Judge Hawley, instead of Judge McDade, to conduct the Rule 11(b) colloquy in open court. *See United States v. Harden*, 758 F.3d 886, 891 (7th Cir. 2014) ("There is widespread agreement that a magistrate judge may conduct a Rule 11(b) colloquy for the purpose of making a report and recommendation."). Gonzalez-Olvera does not argue that his plea was unknowing or involuntary, and the record clearly supports a finding that Gonzalez-Olvera entered into his plea knowingly and voluntarily. In sum, Petitioner's guilty plea comported with due process and this claim is meritless.

Petitioner also complains that the Court failed to consider him for supervised release instead of incarceration. But Gonzalez-Olvera fails to explain how the Court erred in sentencing him to incarceration instead of supervised release. However, the

7

Court did not commit error in sentencing Petitioner to 37 months' imprisonment. Based on his total offense level (17) and his criminal history category (III), the Sentencing Guideline provisions were 30 months to 37 months imprisonment. Where a district court sentences a defendant to a within-guideline range sentence, there is a presumption of reasonableness. *United States v. Castro-Alvarado*, 755 F.3d 472, 477 (7th Cir. 2014). Petitioner had been deported several times in the past; Petitioner was convicted of illegal re-entry after deportation before this Court in 2009. Gonzalez-Olvera has a lengthy and violent criminal history, and he used several aliases and false social security numbers to avoid detection. The Court cannot, and does not, perceive any reason why Gonzalez-Olvera's within-range sentence was unreasonable. Petitioner simply believes he should have been given a lesser sentence of supervised release. This argument has no constitutional import and therefore has no merit.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Petitioner argues that his trial counsel provided ineffective assistance by failing to file a requested notice of appeal, and for telling Petitioner that he would be able to stay in the United States when his sentence expired. (Doc. 1 at 4, 6). He also avers that his counsel was deficient for failing to raise the issue of asylum and for failing to argue that Petitioner was in fact an American citizen. *Id.* at 8.

Ineffective assistance of counsel requires a petitioner to show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "In the context of pleas a defendant must show the outcome of the plea process would

8

have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). In order to satisfy the second, or "prejudice," requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner first argues that he "was denied appeal when I ask counsel to do so because Counsel never requested asylum knowing if I go back to Mexico I'll be killed." (Doc. 1 at 4). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 476–77 (2000). In other words, "[w]hen a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel," without regard to the probability of success on appeal. *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010); *Peguero v. United States*, 526 U.S. 23, 28 (1999) ("When counsel fails to file a requested appeal, a defendant is entitled to . . . an appeal without showing that his appeal would likely have merit."); *Castellanos v. United States*, 26 F.3d 717 (7th Cir.1994). The only exception is when a defendant agrees in a plea agreement to waive his right to appeal, *see Solano v. United States*, 812 F.3d 573, 575 (7th Cir. 2016); *Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008), but Petitioner did not waive his right to appeal in this case.

Petitioner's trial counsel filed an affidavit with the Court in which he testifies that Petitioner did *not* request him to file an appeal. (Doc. 9-3). As it stands, then, it is Petitioner's word versus his attorney's word. In cases with similar facts, the

9

Seventh Circuit has held that an evidentiary hearing is required to resolve this claim. *See Heiss v. United States*, 24 F.App'x 599, 600-01 (7th Cir. 2001) (district court committed reversible error when it dismissed a similar claim in a § 2255 Motion without holding an evidentiary hearing)[1]; *Bradley v. United States*, 219 F. App'x 587, 589 (7th Cir. 2007) (district court abused its discretion by refusing to hold an evidentiary hearing on claim that counsel failed to file requested notice of appeal); *Dowell v. United States*, 694 F.3d 898, 903-04 (7th Cir. 2012) (remanding to district court to determine factual question of whether defendant asked his counsel to file a notice of appeal); *see also Blake v. United States*, 814 F.3d 851, 852-53 (7th Cir. 2016) (affirming district court's finding that Mr. Blake did not ask his attorney to file an appeal after it held an evidentiary hearing on the claim). In reviewing a § 2255 Motion, a district court can only deny an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The record does not conclusively show that Petitioner is not entitled to relief. *See Ryan*, 657 F.3d at 606 (reversing district court where it dismissed, without "development of the record," defendant's claim that his attorney

---

[1] The Court recognizes that the facts of this case are slightly distinguishable from those in *Heiss*. Heiss specifically claimed that he told his attorney to file a notice of appeal on the date of his sentencing, which means, if true, Heiss timely requested an appeal. Gonzalez-Olvera does not specify when he told his trial counsel to file a notice of appeal. Furthermore, the Seventh Circuit in *Heiss* explained that the district court improperly "credited counsel's version over Heiss's where it never told Heiss that he needed to submit a response to counsel's affidavit or that he was required to reduce the allegations of his § 2255 motion to affidavit form." *Id.* This Court, by contrast, instructed Gonzalez-Olvera to "file an affidavit with the Court testifying to the circumstances surrounding this particular claim," and to "explain in his affidavit when he told his attorney to file an appeal." *See* April 17, 2018 Text Order. Petitioner failed to respond or file an affidavit.

However, the Court still finds that a hearing is necessary to resolve this claim. Case law is crystal clear that "[w]hen a defendant in a criminal case specifically instructs a lawyer to file a notice of appeal, the lawyer's failure to do so deprives the defendant of the Sixth Amendment right to counsel, regardless of whether an appeal was likely to succeed." *Ryan v. United States*, 657 F.3d 604, 606 (7th Cir. 2011).

failed to file requested notice of appeal because the defendant did not "conclusively plead[] himself out of court.").

Petitioner further claims that his attorney erroneously told him he would be able to stay in the United States after he served his sentence, but that Petitioner has since learned that the federal government has an immigration detainer on him. The Sixth Amendment requires counsel to inform clients if a guilty plea carries the risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). The Court not only finds Petitioner's claim incredible, but finds that Petitioner had full knowledge that he would face deportation.

First, Petitioner has been deported <u>for this exact crime</u> before. *United States v. Gonzalez-Olvera*, 09-cr-10059 (C.D. Ill. 2009). It is palpably absurd that Gonzalez-Olvera would believe he could stay in the United States after he had already been deported once for unlawful re-entry after deportation. It is even more incredible that Gonzalez-Olvera claims that his attorney, <u>the same attorney who represented Petitioner when he was convicted of illegal re-entry in 2009</u>, told him he could stay in the United States once his sentenced expired. Trial counsel knew Gonzalez-Olvera was deported for this crime once before; surely he would not tell Petitioner that the outcome would be different this time around.[2]

Second, the Court explained to Petitioner at his change of plea hearing and sentencing hearing that he could be deported: "Mr. Gonzalez, you understand that the plea you're entering today could have significant immigration consequences up to

---

[2] An evidentiary hearing is not required for claims that are "vague, conclusory, or palpably incredible". *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir.2006).

11

and including deportation from the United States after you would serve any sentence in this case?" Petitioner responded "Yes." (Doc. 9-1 at 14:10-15). Trial counsel stated on the record, with Petitioner present, that Petitioner "can never get legal status here." (Doc. 9-2 at 8:8). The Court told Petitioner that it had "a strong suspicion that you will come back to this country once you're deported." *Id.* at 10:9-11. The Court also recommended, on the record, "that you [(Petitioner)] be deported during the service of your term of imprisonment." *Id.* at 11:20-22. The Court repeatedly told Petitioner that he could not re-enter the country illegally once his sentence was served and he was on supervised release. In sum, all of the evidence in the record shows that not only was Gonzalez-Olvera certainly aware that he would be deported, but that his trial counsel did not advise him that he would be able to remain in the United States after he finished his sentence.

Lastly, the Court summarily dismisses Gonzalez-Olvera's claim that his counsel was deficient for failing to argue that Petitioner was an American citizen because he was law-abiding and lived with his family. It is beyond dispute that American citizenship is not obtained merely by living with your family and following the law. Plus, Gonzalez-Olvera was *not* law-abiding; he was living here illegally. As previously stated *supra*, asylum is a claim made in immigration proceedings before the Board of Immigration. It is not a defense to a criminal charge of illegal re-entry. In fact, individuals subject to a reinstated removal order, like Petitioner, are ineligible to seek asylum at all. *See Mejia v. Sessions*, 866 F.3d 573, 583 (4th Cir. 2017*); Garcia Garcia v. Sessions*, 856 F.3d 27, 31 (1st Cir. 2017); *Cazun v. Att'y Gen. U.S.*, 856 F.3d 249, 251 (3d Cir. 2017); *Jimenez-Morales v. U.S. Att'y Gen.*, 821 F.3d

1307, 1310 (11th Cir. 2016); *Perez-Guzman v. Lynch*, 835 F.3d 1066, 1070 (9th Cir. 2016); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 491 (5th Cir. 2015), *pet'n for reh'g en banc denied*, 813 F.3d 240 (5th Cir. 2016); *Herrera-Molina v. Holder*, 597 F.3d 128, 139 (2d Cir. 2010). Thus, this claim has no merit.

## CONCLUSION

For the reasons stated above, all of Petitioner's claims in his § 2255 Motion are DENIED except for his claim that his trial counsel provided ineffective assistance for failing to file a requested notice of appeal. The Court will appoint a CJA panel attorney to represent Gonzalez-Olvera at an evidentiary hearing on his remaining ineffective assistance of counsel claim. The Court will set a date for the evidentiary hearing after counsel for the Government and Petitioner's appointed counsel have had an opportunity to confer.

Entered this 16th day of May, 2018.

                                         s/ Joe B. McDade
                                         JOE BILLY McDADE
                                  United States Senior District Judge